IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN BRADLEY,

          Petitioner

VS.

DONALD BARROW,

          Respondent

**NO. 5:08-CV-129 (HL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION OF DISMISSAL

Upon a review of the petitioner JOHN BRADLEY's petition in the above-styled action, it does not appear that he is contesting the validity of any sentence of incarceration. Instead, it appears that he is seeking early termination of his prison sentence in order to seek what he believes to be necessary medical treatment. His sentence is set to expire on June 29th of this year.

Even assuming that all previous procedural hurdles have been overcome, which is not likely in light of the petitioner's latest filing (a motion to stay the proceedings so he can exhaust remedies), the proceedings in this federal habeas corpus action would, in all likelihood, take longer than two months to conclude. Therefore, even if habeas corpus were the correct avenue by which to seek the relief from incarceration requested by petitioner Bradley, his concern with respect to this case (i.e. his allegedly degenerating health) would not be served.[1]

---

[1] The court notes that there is a provision of the Constitution of Georgia which permits the State Board of Pardons and Paroles to issue medical reprieves. That may be the petitioner's best course of action on such short notice. *See* Ga. Const. Art. 4, §2, Para. II (e):

> [T]he State Board of Pardons and Paroles shall have the authority to pardon any person convicted of a crime who is subsequently determined to be innocent of said crime or to issue a medical reprieve to an entirely incapacitated person suffering a progressively debilitating terminal illness or parole any person who is age 62 or older.

As noted above, it does not appear that petitioner JOHN BRADLEY is seeking relief offered by habeas corpus. He simply wants to be released from prison early in order to seek medical treatment. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS provides, *inter alia*, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In the view of the undersigned, it clearly appears that the petitioner is not entitled to habeas corpus relief and that his petition ought to be dismissed pursuant to Rule 4.

Accordingly IT IS RECOMMENDED that this petition be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the petitioner may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.[2]

SO RECOMMENDED, this 15th day of MAY, 2008.



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the above recommendation, the petitioner's Motion To Stay his petition to exhaust his administrative remedies (Tab #7) is **DENIED**.